Case 2:15-cv-00448   Document 11   Filed in TXSD on 01/20/16   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ANDRES FERDIN, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:15-CV-448 |
| § | |
| PERFORMANCE ENERGY SERVICES, § | |
| L.L.C., *et al*, § | |
| § | |
| Defendants. § | |

## ORDER REMANDING CASE

Plaintiff Andres Ferdin (Ferdin) filed this action against Performance Energy Services, LLC (PES) and Alliance Offshore, LLC (Alliance Offshore) in the County Court at Law No. 4, Nueces County, Texas on August 8, 2014. D.E. 1-1. On May 7, 2015, Alliance Offshore, with PES's consent, removed the case to this Court under federal question jurisdiction, relying on the applicability of the Outer Continental Shelf Lands Act (OCSLA) and arguing that Ferdin's Jones Act claim was fraudulently pled. *See* Cause No. 2:15-cv-204, D.E. 1, filed in this Court. The Court remanded the case to state court on the basis that the removal was not timely and because Defendants had not satisfied their burden to demonstrate that Ferdin's Jones Act claim was fraudulently pled. 2:15-cv-204, D.E. 17.

After remand, on September 21, 2015, Ferdin filed his First Amended Petition in the state court, joining Alliance Liftboats, LLC (Alliance Liftboats) as a Defendant. D.E. 1-2. On October 21, 2015, Alliance Liftboats, with the consent of Alliance Offshore and PES, removed the case to this Court, again arguing federal question jurisdiction related to

OCSLA and that Ferdin's Jones Act claims were fraudulently pled. In his Motion to Remand (D.E. 5) now pending before this Court, Ferdin relies on the Court's Order in 2:15-cv-204 and asks the Court to remand once again because removal was not timely and the Jones Act claim is proper.

After reviewing the motion, responses, and evidence presented, the Court finds that removal was timely because the removal statute permits removal by later-joined defendants regardless of the removal actions or inactions of previously-joined defendants. 28 U.S.C. § 1446(b)(2)(C). The Court rejects Ferdin's argument that the parent-subsidiary relationship between Alliance Offshore and Alliance Liftboats prejudiced Alliance Liftboat's removal rights. *See Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1206 n.7 (11th Cir. 2008) (constructive notice principles have been rejected as a trigger for the right to remove).

Noting that both Ferdin's allegations and Defendants' evidence have not changed since this Court's ruling in 2:15-cv-204, the Court holds, once again, that Defendants have not sustained their high burden of proof to show that Ferdin's allegations are fraudulent. *Zertuche v. Great Lakes Dredge & Dock Co., LLC*, 306 F. App'x 93, 94 (5th Cir. 2009) ("the burden of persuasion rests with the removing party, and this burden is a heavy one."). The Jones Act claim is not removable and the OCSLA claim is not properly severable. See *Lockhart v. Applied Coating Servs., Inc.*, 2005 WL 1574208, at *4 (E.D. La. June 25, 2005) (where there is a single injury, the claims are not severable); *Figueroa v. Marine Inspection Servs.*, 28 F. Supp. 3d 677, 680-82 (S.D. Tex. 2014) (the "saving to suitors" clause generally prevents removal).

Therefore, the Court GRANTS the motion to remand and REMANDS this action to the County Court at Law No. 4, Nueces County, Texas.

ORDERED this 20th day of January, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE